UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN MILLEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 08-0113 (EGS) |
| | : | |
| UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA, | : : : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

Plaintiff, proceeding in forma pauperis, filed a pro se complaint against the defendant. The defendant has filed a motion to dismiss, and the plaintiff has filed his responses. Because the defendant is immune from a suit such as this one, the complaint will be dismissed for lack of subject matter jurisdiction.

The plaintiff filed a civil action against the defendant on January 16, 2009 in Superior Court for the District of Columbia. The defendant, as a federal defendant, removed the complaint to this court. The complaint asserts a claim for defamation. In its entirety, the complaint alleges that "[t] attorney office has the exact paperwork and they put malicious lies in the papers about me (Kevin Mullen). These people could have stopped the paper but allowed them to write these vicious lies." Compl. at 1. As damages, the plaintiff $10 million "plus 9,000 a month for 10,000 months."[1] *Id.* Among the exhibits appended to the complaint is a copy of an Associate Press story dated November 11, 1998, stating that the plaintiff, "who played

---

[1] Ten thousand months is 833 years and 4 months.

[basketball] for Georgetown from 1991 to 1995, was arraigned . . . following his arrest on charges of unlawful entry . . . said . . . a spokesman for the U.S. Attorney's Office for the District of Columbia." Compl. Ex.

The defendant has moved to dismiss the complaint on multiple grounds, including that the federal defendant is immune from this suit. *See* Def.'s Mem. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 3-5. The plaintiff has filed two "motions to strike," each of which will be considered here as a response to the defendant's motion. *See* Pl.'s Motion to Strike, May 29, 2009;[2] June 16, 2009.

It is well-settled that, as sovereign, the federal government is subject to suit only insofar as it has consented to suit. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). With certain exceptions, the federal government has consented to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 – 2680, for acts or omissions that would constitute torts at common law. 28 U.S.C. § 2674. One of those exceptions, however, is for defamation suits against federal prosecutors. *See* 28 U.S.C. § 2680(h) (excepting defamation from the provisions of the Federal Tort Claims Act). While the FTCA's exception for defamation does not shield "investigative or law enforcement officers of the United States Government" from a defamation suit, a federal prosecutor performing duties as spokesman for the U.S. Attorney's Office in reporting an arraignment to the press is acting in his role as prosecutor, not as an investigative or law enforcement officer for purposes of the FTCA. *Moore*

---

[2] As a motion to strike, this motion was denied. However, the substance of the submission was taken into consideration in reaching this decision.

*v. United States,* 213 F.3d 705, 710 (D.C. Cir. 2000) (determining that the federal prosecutor was "not an investigative or law enforcement officer" for purposes of § 2680(h)); *see Trupei v. United States,* 304 Fed. Appx. 776, 784 (11th Cir. 2008) (affirming district court's determination that prosecutors were not "investigative or law enforcement officers" within the meaning of the § 2680(h)); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994) (stating that "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors"). Therefore, the defendant in this action is immune from a damages action for the claim asserted, and the complaint will be dismissed for lack of subject matter jurisdiction.

      A separate order accompanies this memorandum opinion.

Date:  July 2, 2009

/s/
EMMET G. SULLIVAN
United States District Judge